Chen v. Barr

BIA
Christensen, IJ
A201 139 998

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of September, two thousand nineteen.

PRESENT:
>        JON O. NEWMAN,
>        DENNIS JACOBS,
>        PIERRE N. LEVAL,
>             *Circuit Judges.*

_____

SHAO QIU CHEN, AKA XIAOQIU CHEN,
>        *Petitioner,*

v.                                                          17-2173
                                                            NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:            John Chang, New York, NY.

FOR RESPONDENT:            Chad A. Readler, Acting Assistant
                           Attorney General; Brianne Whelan
                           Cohen, Senior Litigation Counsel;
                           Mona Maria Yousif, Trial Attorney,
                           Office of Immigration Litigation,
                           United States Department of
                           Justice, Washington, DC.

06152016-10

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Shao Qiu Chen, a native and citizen of the People's Republic of China, seeks review of a June 20, 2017, BIA decision that affirmed the September 9, 2016, decision of an Immigration Judge ("IJ") denying asylum, withholding of removal, relief under the Convention Against Torture ("CAT"), and cancellation of removal. *In re Shao Qiu Chen,* No. A201 139 998 (B.I.A. June 20, 2017), *aff'g* No. A201 139 998 (Immig. Ct. N.Y. City Sept. 9, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Chen applied for asylum, withholding of removal, and CAT relief, asserting that she fears persecution—specifically forced sterilization—based on the birth of her children in violation of China's population control program. Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of review are well

06282019-3

established. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157-58 (2d Cir. 2008).

For largely the same reasons as set forth in *Jian Hui Shao*, we find no error in the agency's determination that Chen failed to satisfy her burden for asylum, withholding of removal, and CAT relief. *See id.* at 158-67; *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006). While the petitioners in *Jian Hui Shao* were from Fujian Province, and Chen is from Zhejiang Province, Chen's evidence related to Zhejiang Province does not describe the use of force in the enforcement of the family planning policy. *See id.* at 160-61, 165-66, 171-72.

Our jurisdiction to review the agency's denial of cancellation of removal based on Chen's failure to establish hardship to a qualifying relative is limited to constitutional claims and questions of law, 8 U.S.C. § 1252(a)(2)(B)(i), (D); *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39-40 (2d Cir. 2008), for which our review is de novo, *Pierre v. Holder*, 588 F.3d 767, 772 (2d Cir. 2009). A question of law may arise when "some facts important to the subtle determination of 'exceptional and extremely unusual hardship' have been totally overlooked and others have been seriously mischaracterized." *Mendez v. Holder*,

3

566 F.3d 316, 322-23 (2d Cir. 2009). For jurisdiction to attach, however, such claims must be colorable. *Barco-Sandoval*, 516 F.3d at 40-41.

Chen's argument that the agency ignored a psychological report discussing her son's sleepwalking disorder and concluding that her children would be at risk for anxiety and depression should they move to China is not colorable because the IJ explicitly considered the report. *See Barco-Sandoval*, 516 F.3d at 40. Because Chen has not established constitutional or legal error in the agency's hardship determination, we need not address the agency's alternative bases for denying cancellation of removal—its moral character finding. *See* 8 U.S.C. § 1229b(b)(1); *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part.

FOR THE COURT:
Catherine O'Hagan Wolfe
Clerk of Court

4